IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 22-cr-00248-CNS-1
Civil Case No. 25-cv-01011-CNS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEXANDER SMITH,

    Defendant.

**ORDER**

Before the Court is Defendant Alexander Smith's timely Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 53, and supplement to this motion, ECF No. 55. For the following reasons, the Court DENIES Mr. Smith's motion. In doing so, the Court presumes a reader's familiarity with this case's factual and procedural background. Because Mr. Smith's motion can be resolved on the record before the Court, no evidentiary hearing is required. *See, e.g., United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988).

    **I.    SUMMARY FOR PRO SE PLAINTIFF**

You challenge your sentence on the same basis as your prior appeal. Because this Court and the Tenth Circuit have rejected your arguments against your sentence, the Court does so again. You next argue you received ineffective assistance of counsel.

1

However, you have not met the burden of showing the performance of your trial counsel and counsel on appeal was deficient and resulted in prejudice against you.

## II.     ANALYSIS

Construing Mr. Smith's motion liberally, as the Court must, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), Mr. Smith makes two primary arguments. First, he collaterally attacks his sentence on the grounds that the Court erred in calculating his base offense level. *See* ECF No. 53 at 3. Second, he argues he received ineffective assistance of counsel. *See id.* at 4. The Court considers and rejects these arguments in turn.

### A. Collateral Attack

Mr. Smith argues the Court incorrectly calculated his base offense level because "he lacked the requisite intent to commit murder," and instead acted in "self-defense." ECF No. 53 at 3. As the government observes, Mr. Smith advanced precisely this argument on direct appeal of his sentence. *See United States v. Smith*, No. 23-1314, 2024 WL 3841849, at *1 (10th Cir. Aug. 16, 2024) (unpublished) ("Smith objected to the cross-reference in the Presentence Report (PSR) on the basis that he had no specific intent to kill anyone and that he acted in self-defense."). The Court agrees with the government that because this claim has been resolved on direct appeal, it is improper for § 2255 resolution without an intervening change in law. *See* ECF No. 57 at 5; *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." (citation omitted)). Mr. Smith has identified no such change that justifies ignoring the Tenth Circuit's order and judgment,

which is clearly law of the case. Nor has Mr. Smith identified any manifest injustice that will flow from adhering to the Tenth Circuit's order and judgment. *See, e.g., Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1242 (10th Cir. 2016); *United States v. Fields*, 949 F.3d 1240, 1246 (10th Cir. 2019). For these reasons, the Court rejects Mr. Smith's collateral attack on his sentence. *See* ECF No. 53 at 3.

### B. Ineffective Assistance of Counsel

Next, Mr. Smith argues he received ineffective assistance of counsel. *See* ECF No. 53 at 4. He does so against his trial and appellate counsel. The Court consider his arguments against his trial and appellate counsel in turn.

***Trial Counsel.*** Fundamentally, Mr. Smith argues trial counsel inadequately communicated with him, and that counsel did not "defend [him] the right way." ECF No. 53 at 4. Mr. Smith bolsters his argument with the contention a prior lawyer apparently represented his "guidelines was 20 and [he] was going to get [a sentence of] 60 months," rather than the "100 months" Mr. Smith received at sentencing. *Id.*; *Smith*, 2024 WL 3841849, at *1. Liberally construing these arguments, *see Hall*, 935 F.2d at 1110, the Court rejects them and concludes Mr. Smith has not met his burden of showing he received ineffective assistance of trial counsel.

The government correctly states that, to establish ineffective assistance of counsel, a defendant must satisfy two prongs: deficiency of performance and prejudice. *See* ECF No. 57 at 6 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The Court agrees with the government that Mr. Smith cannot meet his burden as to his trial counsel under either prong. *See, e.g.,* ECF No. 57 at 7.

3

First, as to deficient performance, the record amply shows that Mr. Smith's trial counsel advocated on his behalf, particularly as it regards the cross reference and base level offense issues that are the subject of Mr. Smith's collateral attack. *See, e.g.,* ECF No. 26 at 1 ("Mr. Smith objects to the application of the cross-reference[.]"); ECF No. 49 at 21–25; ECF No. 57 at 8. Whether Mr. Smith's prior counsel made representations about the sentence Mr. Smith would receive does not bear on the adequacy of Mr. Smith's trial counsel's performance based on the record before the Court. Particularly in light of Mr. Smith's signed acknowledgement in the plea agreement that he had received "no other promises, agreements, or 'side agreements'" regarding his plea, or that he had not "relied, or [was not] relying, on any other terms, promises, conditions, or assurances" in entering into his plea agreement. *Compare* ECF No. 53 at 4, *with* ECF No. 57 at 9; *and* ECF No. 23 at 8; *United States v. Nunez*, 489 F. App'x 295, 296 (10th Cir. 2013). Moreover, Mr. Smith represented in his statement in advance of his guilty plea that "[n]o representations have been made to me as to what the sentence in this case will be." ECF No. 24 at 6. For these reasons, Mr. Smith has not met his deficiency burden.

Because he has not, the Court need not address *Strickland*'s *prejudice* prong. *See, e.g., Frederick v. Quick*, 79 F.4th 1090, 1105 (10th Cir. 2023) ("The court may address the two *Strickland* prongs in either order and need not address both if the defendant has failed to satisfy one."). But, briefly doing so, Mr. Smith cannot meet his burden under it. He has failed to advance any argument showing that how his trial counsel advocated on his behalf resulted in prejudice against him. *See* ECF No. 57 at 7. The gravamen of Mr. Smith's argument—that trial counsel was insufficiently communicative—does not bear on the *result* of counsel's advocacy, much less on whether the result of that advocacy would

have been different "but for" a significant change in counsel's performance. *Cf.* ECF No. 53 at 4; *Frederick*, 79 F.4th at 1105. And to the extent Mr. Smith argues counsel did not defend him the "right way," ECF No. 53 at 4, this essentially is an argument against the strategic choices made by counsel, which does not rise to the level of ineffective assistance of counsel. *See, e.g., United States v. Garcia-Patino*, No. 17-20038-18-DDC, 2022 WL 17555410, at *3 (D. Kan. Dec. 9, 2022) ("Counsel's strategic or tactical decisions are presumed correct, unless they were *completely* unreasonable, not merely wrong, so that they bear *no relationship* to a possible defense strategy." (quotations omitted) (emphases added)).

**Appellate Counsel.** In his supplement, which Mr. Smith captions as a "motion," Mr. Smith challenges the effectiveness of his appellate counsel. *See* ECF No. 55 at 1. Specifically, that communication with appellate counsel was inadequate, and that Mr. Smith "did not agree" with his opening brief on the grounds counsel was "not trying to fight back some of what was being said about [Mr. Smith] and [his] self defense and other things [to] do [with] [his] base level." *Id.* The Court agrees with the government that, in making these arguments, Mr. Smith has not met his ineffective assistance of counsel burdens.

First, as to deficient performance, the Court agrees with the government that the frequency of counsel's communication with Mr. Smith does not rise to the level of constitutional deficiency under *Strickland*. ECF No. 57 at 12. *United States v. Cox*, 782 F. App'x 674, 679 (10th Cir. 2019) (rejecting ineffective assistance of appellate counsel challenge where appellant did not "explain how counsel's failure to communicate during the appeal process fell 'outside the wide range of professionally competent assistance.'")

5

(quoting *Strickland*, 466 U.S. at 691). And regarding appellate counsel's legal arguments—and Mr. Smith's claim he did not "agree" with them—Mr. Smith's counsel made exactly the arguments that Mr. Smith in his § 2255 motion contends that counsel failed to make. *Compare* ECF No. 55 at 1, *with Smith*, 2024 WL 3841849, at *1. In any event, it was entirely appropriate for Mr. Smith's appellate counsel to craft arguments on his behalf, and his retroactive disagreement with them—notwithstanding the fact he echoes them in his collateral attack—does not mean his appellate counsel's performance was constitutionally deficient, particularly where review of the record shows those appellate arguments do not fall below an objective standard of reasonableness. *See, e.g., Cox*, 782 F. App'x at 679–80; *United States v. Sears*, No. 04-10174-01, 2008 WL 718181, at *5 (D. Kan. Mar. 14, 2008) (citations omitted).

Second, although the Court need not consider *Strickland*'s *prejudice* prong, given Mr. Smith has not met his deficient performance burden, even doing so the Court agrees with the government that Mr. Smith has not met his prejudice burden. At bottom, his arguments as to why he *disagrees* with his appellate counsel's strategic decisions do not show how or why, but for counsel's purported errors in making the same arguments that Mr. Smith makes now, the outcome of his appeal would have been different, or that counsel was acting beyond the presumptively reasonable range of tactical choices as Mr. Smith's appellate advocate. *See, e.g., Frederick*, 79 F.4th at 1105 ("Under *Strickland*'s second prong—prejudice—a defendant must show there is a reasonable probability that, *but for* counsel's unprofessional errors, *the result of the proceeding* would have been different." (citations omitted)); *Garcia-Patino*, 2022 WL 17555410, at *3.

## III.  CONCLUSION

Consistent with the above analysis, Defendant Alexander Smith's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 53, is DENIED. Mr. Smith's supplement to this motion, ECF No. 55, is DENIED AS MOOT.

DATED this 22nd day of May 2025.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge